SYLVIA A. MACLAUGHLIN, appellee, v. FRANCIS J. MACLAUGHLIN, appellant.

No. 49532.

(Reported in 93 N.W.2d 591)

DECEMBER 16, 1958.

REHEARING DENIED FEBRUARY 18, 1959.

William H. Wellons, of Muscatine, for appellant.

Albert F. Block, of Davenport, for appellee.

HAYS, J.—In 1947 plaintiff obtained a divorce from defendant together with a judgment for alimony and child-support payments. In November 1956 defendant was cited for contempt, under section 598.15, Code, 1954, for failure to make these payments. Before the hearing thereon plaintiff and defendant entered into an agreement, relative to the payments, and the contempt proceedings were dismissed. In October 1957 defendant asked a modification of the original decree by the elimination of future payments. In November 1957 defendant was again cited for contempt for nonpayment. On January 9, 1958, by consent of the parties, the original decree was modified as prayed for. There was a hearing on the contempt charge and on January 10, 1958, the trial court held the defendant not guilty of contempt but that contempt proceedings were available to plaintiff to enforce payment of the amount due under the agreement made in 1956 and unpaid subsequent amounts due. Defendant appeals.

The agreement in question, the meaning of which presents the only issue on appeal, is denominated as an "Account Stated" and is as follows:

"The plaintiff and defendant hereby enter into, and have effected, an Account Stated as of this date as to the amount owing and due from defendant to plaintiff as of November 23, 1956, and, in consideration thereof, it is agreed as follows:

"1. That the amount owing from defendant to plaintiff for

unpaid alimony in this case, to and including November 23, 1956, is the sum of $7977.35, which the defendant undertakes and agrees to pay.

"2. That there shall be no further proceedings in this action, on said Account Stated, or to require the defendant to show cause, or otherwise, until not less than ten (10) months from and after December 1, 1956, and not then without demand."

The case was not orally argued before this court and appellee did not file a brief and argument.

It is appellant's contention that under the "Account Stated" it was the intention of the parties that any future citation for contempt was relinquished by the plaintiff. In support of this contention the record shows the following statements by defendant:

"Mr. Block and I discussed the situation and what to do about it, and finally agreed I should pay him two thousand dollars, which I did in her behalf of course, and in return for that, that the balance we had agreed upon would be nothing but a debt, and not subject to further contempt proceedings", also, "I will admit I owe it to get it settled; but I am not going to pay two thousand dollars today and be cited into court tomorrow for contempt. He said, 'We don't intend that. But we will accept a ten-month proposal and will pay you ahead to October 1, 1957' which was ten months 'and of course this old balance you still owe', and I said, 'Well, if I can get myself squared around I will do my best to take care of it.' "

The "Account Stated" was then entered into.

Under paragraph 1 of the "Account Stated" there is nothing therein except an agreed "balance due" and a promise to pay. Had the agreement stopped there, testimony as to the alleged oral agreement to waive her right to the benefits of section 598.15 might have been competent as showing the so-called "Account Stated" to be in part written and part oral. It did not stop there but goes on to embrace paragraph 2, which is set forth above.

Paragraph 2 seems to clearly state it to be the intention of the parties that only for a period of ten months does the plaintiff waive any rights she may have with reference to payments due her under the original decree. Even assuming defendant's

statements above set forth to be competent, there is nothing therein that contradicts, except perhaps in a very remote sense, what is so clearly stated in said paragraph.

We agree with the trial court that the right of the plaintiff to coerce payment by contempt action was specifically reserved and the judgment must be affirmed.—Affirmed.

All JUSTICES concur.